**IN THE UNITED STATES BANKRUPTCY COURT**
Northern District of Illinois, Eastern Division

| | |
|---|---|
| **In the Matter of**: } | |
| } | Case No. 13-10766 |
| Javier Diaz } | |
| Elisa Diaz, } | Chapter 13 |
| } | |
| **Debtors.** } | Judge Baer |

**Notice and Motion**

To:  Glenn B Stearns, Trustee        Wilmington Savings Fund Society
    (served via ECF Notification)    c/o McCalla Raymer Leibert Pierce, LLC
                                     (served via ECF Notification)

    PLEASE TAKE NOTICE that on the 7th day of September ,2018, at the hour of 9:30 A.M. or as soon thereafter as counsel may be heard, I shall appear before the Honorable Judge Janet S. Baer, Bankruptcy Judge, in the room usually occupied by him/her as his/her Courtroom at Kane County Courthouse, 100 South Third Street, Geneva , Illinois 60134 courtroom 240, and then and there ask for entry of an Order in accordance with the prayer of the attached MOTION TO DETERMINE FINAL CURE AND PAYMENT RE RULE 3002.1, a copy of which is herewith served upon you, at which time and place you may appear if you so see fit.

    By   /s/ Stephen J. Costello
    Stephen J. Costello, attorney for the debtors
    COSTELLO & COSTELLO, P.C.
    19 NORTH WESTERN AVE. (RT. 31)
    CARPENTERSVILLE, ILLINOIS 60110
    PHONE: (847) 428 - 4544

STATE OF ILLINOIS )
                 )
COUNTY OF KANE  )

    STEPHEN J. COSTELLO being first duly sworn on oath, deposes and says that he/she served the above and foregoing Notice and MOTION TO DETERMINE FINAL CURE AND PAYMENT RE RULE 3002.1, therein referred, by mailing copies of each to then above address(es) postage fully paid in the U.S. Mail at West Dundee Illinois this August 13, 2018 except where electronic notice is indicated in which case such party will receive notice electronically via the court's ECF system.

    /s/ Stephen J. Costello
    Stephen J. Costello, Attorney for the Debtors

STEPHEN J. COSTELLO ARDC # 6187315
COSTELLO & COSTELLO, P.C.
19 N. WESTERN AVE. (RT. 31)
CARPENTERSVILLE, IL. 60110
phone (847) 428 - 4544 FAX (847) 428-4694
e-mail: steve@costellolaw.com

# IN THE UNITED STATES BANKRUPTCY COURT
## Northern District of Illinois, Eastern Division

| | |
|---|---|
| **In the Matter of**: } | |
| } | Case No. 13-10766 |
| Javier Diaz } | |
| Elisa Diaz, } | Chapter 13 |
| } | |
| **Debtors.** } | Judge Baer |

## MOTION TO DETERMINE FINAL CURE AND PAYMENT RE RULE 3002.1

NOW COMES Javier Diaz and Elisa Diaz (hereinafter "Debtors") moves this court for an order Determining final cure and payment re rule 3002.1, and in support thereof state as follows:

1. That Debtors, Javier Diaz and Elisa Diaz, commenced this case on March 18, 2013 by filing a voluntary petition for relief under Chapter 13 of Title 11 of the United States Bankruptcy Code.

2. That subsequent to the filing, Wells Fargo Bank, N.A. the holder of the First Mortgage on the Debtor's residential real property (hereafter "WFB"), filed a proof of claim indicating pre-petition mortgage arrears of $18,992.20.

3. The debtors then filed an amended plan proving for payment, through the plan to WFB the sum of $18,992.20.

4. The Debtors plan was then confirmed with such provision for WFB to be paid.

5. That during the ensuing five years, the mortgage or its servicing has apparently been transferred from WFB to Citibank, then from Citibank to Wilmington Savings Fund Society (hereafter "Wilmington").

6. That the Debtors have made all payments required of them under the plan and have

recently made their final payment to the trustee pursuant to the terms of the plan.

7. The Debtors have also made all post-petition mortgage payments to whomever held the mortgage or its servicing.

9. Pursuant to bankruptcy rule 3002.1, the trustee has issued a notice of cure of the mortgage.

10. Wilmington has now filed a response to the Trustee's notice of cure and in such response, it has indicated that it agrees that all post-petition payments have been made by the debtors but has indicated that the post-petition arrears have not been paid and that $18,651.72 of such claim remains unpaid.

11. It appears that the trustee has only paid $270.48 of the pre-petition mortgage arrears claim of $18,992.20.

12. On information and belief, the trustee may have stopped paying on such claim after having received a letter from WFB, the original mortgage holder, stating that the loan had been paid in full which perhaps WFB issued after the loan had been transferred.

13. Wilmington should be held responsible for the acts of it predecessor in interest and this mortgage should be treated as fully cured.

14. The Debtors have done everything required of them in payments to both the trustee and the mortgage and now a discharge should be issued and the loan to Wilmington be deemed cured and now completely current.

WHEREFORE the Debtors pray that an order be entered determining the mortgage to be cured and for such other and further relief as is deemed just and equitable in the circumstances.

                                      Respectfully submitted,
                                      Javier Diaz
                                      Elisa Diaz

                                      By   /s/ Stephen J. Costello
                                      Stephen J. Costello, attorney for the debtors

STEPHEN J. COSTELLO
COSTELLO & COSTELLO, P.C.
19 N. WESTERN AVE.(RT. 31)
CARPENTERSVILLE, IL. 60110
ARDC # 6187315
phone (847) 428 - 4544
FAX (847) 428-4694
e-mail: steve@costellolaw.com