UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF ILLINOIS

In Re:  Javier & Elisa Diaz                                              Case No. 13-10766

Debtors                                                          Hon. Judge Janet S. Baer

**TRUSTEE'S REPLY TO FAY SERVICING LLC'S RESPONSE TO TRUSTEE'S NOTICE OF FINAL CURE UNDER RULE 3002.1 (f)**

Wells Fargo filed a proof of claim on 5/9/13.  The arrears amount stated on the proof of claim is $18,922.20.  The confirmed plan, which is the amended plan filed on 5/10/13 [docket #19], has arrears in the amount of $18,922.20.  Glenn Stearns, Chapter 13 Standing Trustee, was paying on these arrears until the trustee's office received a paid in full letter from Wells Fargo Home Mortgage dated 9/12/13.  A copy of the paid in full letter is attached.  The paid in full letter clearly states that the loan has been paid in full and asks the trustee's office to not forward any additional payments on this loan. Based on receipt of the attached paid in full letter from Wells Fargo Home Mortgage, the trustee stopped paying the arrears claim.  The trustee paid the arrears in the amount of $270.48 prior to receiving the paid in full letter.

On 11/27/13, a transfer of claim was filed which transferred this mortgage from Wells Fargo Bank N.A. to Citibank N.A.  On 5/12/14, a transfer of claim was filed which transferred this mortgage from Citibank N.A. to Wilmington Savings Fund.  On 9/8/16 a transfer of claim was filed which transferred this mortgage from Wilmington Savings Fund to Fay Servicing LLC.  On 8/10/18, Wilmington Savings Fund filed a Response to Notice of Final Cure Payment stating that the creditor disagrees that the debtors have paid in full the amount required to cure the prepetition default on the creditor's claim and states that the default is $18,651.72.

The arrears were stopped in 2013 and nobody questioned why the arrears were not being paid until the case was paid in full in July 2018.  The mortgage company didn't receive payments for over 4 years and never brought a motion or reached out to our office regarding the non-payment of the arrears.  In addition, our office provides semi-annual reports of all receipts and payments made in the last 6 months to the attorney and the debtor and neither the attorney nor the debtor reached out to us about non-payment of the arrears.

Glenn Stearns, Chapter 13 Standing Trustee, paid the arrears correctly.  Glenn Stearns, Chapter 13 Standing Trustee relied on a paid in full letter received from the mortgage company to stop making the arrears payments.  The trustee's office has to be able to rely on written documentation provided by creditors and did nothing wrong in stopping making the arrears payments.

Date: 8/13/18                                              /S/  Pamela L. Peterson

                                                      For:  Glenn Stearns, Chapter 13 Standing Trustee