IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| IN RE: | ) | BANKRUPTCY CASE |
| | ) | |
| JAVIER DIAZ, | ) | NO.: 13-10766 |
| ELISA DIAZ, | ) | |
| | ) | CHAPTER 13 |
| Debtors, | ) | |
| | ) | JUDGE: JANET S. BAER |
| | ) | |

## RESPONSE TO MOTION TO DETERMINE FINAL CURE AND PAYMENT RE RULE 3002.1

NOW COMES Fay Servicing, LLC as servicing agent for Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Hilldale Trust hereinafter "Fay Servicing" and in its Response to Debtor's Motion to Determine Final Cure and Payment Re Rule 3002.1 states as follows:

1) The instant case was filed March 18, 2013 and confirmed May 16, 2013.

2) Fay Servicing, LLC services the mortgage lien on the property located at 425 Porter Court, Elgin IL 60120.

3) Section C of the confirmed plan calls for the Debtors to remit post-petition mortgage payments directly to Wells Fargo Bank, N.A.

4) Wells Fargo Bank filed a timely claim on May 9, 2013 as Claim #4 for $18,922.20 for its prepetition arrearages, and no objection was filed to the claim.

5) Pursuant to Section E.5 of the confirmed plan, the Chapter 13 Trustee was required to disburse $18,922.20 to Wells Fargo Bank, N.A. to cure the pre-petition mortgage arrears over the life of the plan.

6) This claim was transferred twice, and is currently being serviced by Fay Servicing, LLC.

7) No objections were filed to any of the transfers of claim that went out on notice.

8) A Notice of Final Cure was filed by the Chapter 13 trustee as to Claim #4.

9) A timely Response to Notice of Final Mortgage Cure was filed by Fay Servicing, LLC.

10) The Response stated that debtor was current on post-petition payments; due for August 2018, but only $270.48 was paid on this claim.

11) Shortly thereafter it was discovered that the Chapter 13 Trustee had received correspondence from Wells Fargo Bank, N.A. (as to claim #4) in September 2013 that stated the loan was paid in full, and thereafter the trustee stopped paying the claim. (Exhibit A)

12) Creditor's counsel had no prior knowledge of the 2013 correspondence from Wells Fargo Bank, N.A.

13) Upon information and belief, the Debtors' attorney was not aware of the letter either.

14) Fay Servicing, LLC does not agree that the Trustee was justified in relying solely on the 2013 correspondence in ceasing to remit payments towards the arrearage as required under the terms of the confirmed plan.

15) Fay Servicing does not agree that it should be held responsible for the acts of its predecessor in interest, as the mortgage should be treated as fully secured.

16) The September 2013 letter was not filed with the Court, and conflicts with the three Transfers of Claims, which illustrate that there still was a claim to be transferred and that the loan was not paid in full.

17) Additionally, the timing of the first transfer (2 months after the letter was dated), combined with the letter, should have triggered an investigation given that the two reflect conflicting information regarding the status of the claim.

18) When the Trustee received notice of the transfer two months after receiving the letter, they should have objected on the basis that if the claim was paid in full, there would no longer be a claim to transfer, and therefore any transfer of claim would be improper.

19) Additionally, if the Trustee believed that the loan was paid in full, such that they stopped making payments, the trustee should have moved to modify the plan to remove Debtors' obligation to remit mortgage payments in Section C.

20) If the loan was paid in full, the Debtors would no longer have a mortgage payment, which would engender them with an additional $1,050.00 per month to contribute to the plan.

21) However, the Trustee did not seek to modify the plan to redirect the $1,050.00 allocated for mortgage payments to increase the payments to the unsecured creditors.

22) Debtor would not have been devoting all of his disposable income to the plan. In fact debtor would have had an additional $1,050.00 per month in disposable income.

23) Fay Servicing, LLC believes that this letter should have been questioned; as if the loan is paid in full, a number of factors would have and should have been present in this case; i.e. a motion to amend the plan to increase plan payments, amendments to the schedules to reflect $0.00 payments to lender, possibly a debt cancellation motion by debtor reflecting a loan write off.

24) Debtor was making current monthly payments during the course of this case, and as such the status of payments was not an issue for the servicer.

25) Fay Servicing's position is that the Trustee, as the only party in the instant action to be in receipt of the paid in full letter from Wells Fargo, had a duty to and should have questioned the transfer of claim/s filed in this case as being improper.

Document      Page 4 of 6

26) Pursuant to 11 U.S.C. §1302 (b) the trustee shall perform duties as specified in sections 704 (a)(2), (a)(3) (a)(4), (a)(5), (a)(7), (a)(9).

27) One of such duties is as to §704 (a)(5) – is to examine proof of claims and objection to allowance of any claim that is improper.

28) While in this case is not that the claim was improper, but the duty should seem to apply to transfers of claims filed.

29) This confirmed plan was not a 100% plan, in fact it was a strip down of a 2nd lien, as to Fifth Third Bank, and paying unsecureds 10%.

30) Fay Servicing, LLC is requesting that its proof of claim, as claim #4, be administered by the trustee as per the confirmed plan.

WHEREFORE Fay Servicing, LLC as servicing agent for Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Hilldale Trust respectfully requests that its claim be administered and paid as a fully secured claim pursuant to the confirmed plan.

McCalla Raymer Leibert Pierce, LLC

By:    /s/ *Dana O'Brien*
Dana O'Brien
Illinois Bar No. 6256415
Attorney for Creditor
1 N. Dearborn Suite 1200
Chicago, IL  60602
Phone:  (312) 346-9088
Fax:  (312) 551-4400
Email:  ILpleadings@mrpllc.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: | ) BANKRUPTCY CASE |
| | ) |
| JAVIER DIAZ, | ) NO.: 13-10766 |
| ELISA DIAZ, | ) |
| | ) CHAPTER 13 |
| Debtors, | ) |
| | ) JUDGE: JANET S. BAER |
| | ) |

**CERTIFICATE OF SERVICE**

TO: SEE ATTACHED ADDRESSES

**CERTIFICATION**

I, the undersigned Attorney, Certify that I served a copy of this Response to the Addresses attached by electronic notice through ECF or by depositing the same at the U.S. Mail at 1 N. Dearborn Suite 1200, Chicago, IL 60602 at 5:00 P.M. on September 5, 2018, with proper postage prepaid.

McCalla Raymer Leibert Pierce, LLC
*/s/Dana O'Brien*
ARDC# 6256415
1 N. Dearborn Suite 1200
Chicago, IL 60602
(312) 346-9088

File No. BK-011559-18

## **SERVICE LIST**

| | |
|---|---|
| To Trustee:<br>Glenn B Stearns<br>801 Warrenville Road<br>Suite 650<br>Lisle, IL 60532 | *by Electronic Notice through ECF* |
| To Debtor:<br>Javier Diaz<br>Elisa Diaz<br>452 PORTER CT<br>Elgin, IL 60120 | *Served via U.S. Mail* |
| To Attorney:<br>Stephen J Costello, Esq.<br>Costello & Costello<br>19 North Western Avenue Rt 31<br>Carpentersville, IL 60110 | *by Electronic Notice through ECF* |

McCalla Raymer Leibert Pierce, LLC
Attorney For: Creditor
1 N. Dearborn Suite 1200
Chicago, IL 60602
(312) 346-9088
File No. BK-011559-18